UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GUILIO MESADIEU

    Plaintiff,

v.

CITY OF ELIZABETH, et al,

    Defendants.

Civil Action No. 17-3252 (JMV)

OPINION AND ORDER

**THIS MATTER** comes before the Court on a Motion by *pro se* Plaintiff Guilio Mesadieu for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e). [ECF No. 16]. Plaintiff's Motion is unopposed. For the reasons set forth below, Plaintiff's Motion for the appointment of *pro bono* counsel [ECF No. 16] is **DENIED**.

On May 5, 2017, Plaintiff initiated this action by filing his Complaint and an application to proceed *in forma pauperis*. ECF No. 1. In an Order entered by this Court on September 7, 2017, the Court granted Plaintiff's *in forma pauperis* application, dismissed several counts in Plaintiff's Complaint for failure to state a claim, and Denied Plaintiff's request for injunctive relief without prejudice. ECF No. 3. The Order also provided that Plaintiff may amend his Complaint within thirty days from the date of the Order. *Id*. After timely submitting his Amended Complaint, the Court Ordered that Counts III and IX as to Plaintiff's 2001, 2003, and 2006 arrests and Count VIII as to Plaintiff's 2003 arrest may proceed.[1]

Plaintiff's claims in this action arise from multiple incidents that allegedly occurred over a five-year period. According to Plaintiff's Amended Complaint, Plaintiff was "unlawfully

---

[1] All remaining counts in Plaintiff's Amended Complaint were dismissed with prejudice for failure to state a claim. *See* ECF No. 9.

1

[p]hysically assault[ed]" and illegally searched by multiple named Defendants. Am. Compl. at 16, 19. As a result, Plaintiff now seeks an injunction and monetary relief in the form of compensatory and punitive damages. *Id*. at 3.

Plaintiff seeks the appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint pro bono counsel involves a two-step analysis. First, a court must determine, as a threshold matter, whether a plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigations;
(4) the amount a case is likely to turn on credibility determinations;
(5) whether the case will require the testimony of expert witnesses; and
(6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but rather provides guideposts for the Court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (additional citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. Additionally, the Third Circuit Court of Appeals has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d 499 (citing *Parham*, 126 F.3d at 458).

Presently, as an initial matter and regardless of whether or not Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation,

making [a number of factors] of *Parham's* test particularly difficult to evaluate." *See Chatterjee v. Philadelphia Federation of Teachers,* 2000 WL 1022979 at *1 (E.D.Pa. July 18, 2000) (stating that unlike *Parham,* which concerned a directed verdict ruling, and *Tabron,* which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture). With respect to the *Tabron* factors, Plaintiff has not demonstrated at this stage of the proceeding that *pro bono* counsel is warranted.

In Plaintiff's application for *pro bono* counsel, Plaintiff states: "I am not well verse[d] in civil law and need legal assistance." ECF No. 16 at 3. Although Plaintiff's legal experience may not be on the same level as an attorney's, Plaintiff's filings with the Court thus far reflect literacy and the ability to reference relevant legal authority. For example, without the assistance of counsel, Plaintiff has filed a Complaint, an application to proceed *in forma pauperis*, an Amended Complaint, and the present motion for the appointment of *pro bono* counsel. These filings themselves demonstrate that Plaintiff is able to present his case. As such, the first factor weighs against appointment of *pro bono* counsel.

With respect to the remaining *Tabron* factors, Plaintiff does not provide any relevant information. Upon the Court's own review of this matter, it appears that the legal issues are not complex, that no extensive factual investigation will be required, and that the testimony of expert witnesses will likely not be required. While the sixth *Tabron* factor may weigh slightly in Plaintiff's favor, this fact alone is not enough to justify the appointment of counsel. *See Christy v. Robinson*, 216 F. Supp. 2d 398, 410 (D.N.J. 2002) (denying application for pro bono counsel where indigency was the only one of the six factors . . . weigh[ing] in favor of appointment of counsel).

The Court recognizes that issues may arise throughout the course of this litigation which

may raise a question as to Plaintiff's need for counsel. The Court will monitor this issue throughout case management and, as the case progresses, may consider a renewed motion for the appointment of counsel. However, at this stage of the litigation, the Court finds that the *Tabron* factors weigh against appointment. In the event that Plaintiff renews his application for *pro bono* counsel in the future, the Court instructs Plaintiff to address the *Tabron* factors set forth above.

The Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause shown;

**IT IS** on this 4th day of January, 2019,

**ORDERED** that Plaintiff's Motion for the appointment of *pro bono* counsel [ECF No. 16] is **DENIED WITHOUT PREJUDICE**.

  s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**