UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GUILIO MESADIEU,

*Plaintiff,*

v.

CITY OF ELIZABETH, et al,

*Defendants.*

Civil Action No. 17-3252

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants the City of Elizabeth, Elizabeth Police Department, James Cosgrove, Officer Mikros, Ty Kelly, and Officer Gunter (the "Elizabeth Defendants") (D.E. 25) and former Attorney General of New Jersey, Christopher S. Porrino ("Porrino" and collectively the "Moving Defendants") (D.E. 28).[1] *Pro se* Plaintiff Guilio Mesadieu, who is proceeding *in forma pauperis*, did not respond to either motion to dismiss. On May 9, 2019, however, Plaintiff filed a motion for special relief, seeking full access to the law library while he remains incarcerated and to prevent unlawful action against Plaintiff for requesting permission to use the law library. D.E. 30. No Defendant responded to Plaintiff's motion. The Court reviewed the submissions in support of the motions and considered the motions without oral argument pursuant to Fed. R. Civ.

---

[1] The Elizabeth Defendants' brief in support of their motion to dismiss will be referred to herein as "Elizabeth Defs' Br." and Defendant Porrino's brief in support of his motion to dismiss will be referred to herein as "Porrino Br.".

P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motions are **GRANTED**, and Plaintiff's motion is **DENIED**.

I. **FACTUAL[2] AND PROCEDURAL HISTORY**

Plaintiff, an African-American man, alleges that police officers from the Elizabeth City Police Department have targeted him on multiple occasions due to his race. For purposes of the pending motion, the Court need not retrace this case's full factual and procedural history. This Court's September 7, 2017 and April 2, 2018 Opinions screening Plaintiff's Complaint and First Amended Complaint (the "FAC") (D.E. 2, 8) include a detailed recounting of the factual background of this matter. To the extent relevant to the instant motions, the Court incorporates the factual and procedural history from both of its prior Opinions into this Opinion.

Plaintiff filed his initial twelve-count Complaint on May 5, 2017. D.E. 1. On September 7, 2017, the Court granted Plaintiff *in forma pauperis* status pursuant to 28 U.S.C. § 1915 but dismissed Counts I, II, III (as to alleged searches and the 2002 arrest only), IV, V, VI, VII, VIII, X, XI (as to the 2002 arrest only), and XII of the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted. D.E. 2, 3. The Court allowed Counts III and IX as to Plaintiff's 2001 and 2006 arrests to remain.[3] D.E. 2, 3. The Court gave Plaintiff leave to file an amended complaint addressing the deficiencies noted in the Court's Opinion. D.E. 2, 3.

On October 20, 2017, Plaintiff filed the FAC. D.E. 5. On April 2, 2018, the Court screened the FAC pursuant 28 U.S.C. § 1915(e)(2)(B). As a result of this screening, the Court permitted

---

[2] The factual background is taken from Plaintiff's First Amended Complaint (the "FAC"). D.E. 5. When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the Complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[3] The Counts that survived the initial screening of the Complaint were for false arrest and unreasonable search and seizure (Count III) and false imprisonment (Count IX).

2

only Counts III and IX as to Plaintiff's 2001, 2003, and 2006 arrests, and Count VIII (claim for common law tort of assault) as to Plaintiff's 2003 arrest to proceed. D.E. 8, 9. The Moving Defendants filed the instant motions to dismiss after they were served.

## II. MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

Because Plaintiff is proceeding *pro se*, the Court construes Plaintiff's Amended Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald

3

assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

### III. LEGAL ANALYSIS

The Moving Defendants all seek to dismiss Plaintiff's claims because they are time-barred under the relevant statutes of limitations. Elizabeth Defs' Br. at 4-6; Porrino Br. at 12-13. The statute of limitations is an affirmative defense not normally decided on a motion to dismiss. *See Crump v. Passaic County*, 147 F. Supp. 3d 249, 259 (D.N.J. 2015). However, "where the complaint facially shows noncompliance with the limitations period," dismissal on statute of limitations grounds may be appropriate. *Id.* Here, the remaining counts of the FAC address incidents that occurred in 2001, 2003, and 2006, and Plaintiff did not file his initial Complaint in this matter until 2017. Therefore, the Moving Defendants' statute of limitations arguments may be addressed at this stage as there appears to be facial noncompliance with the limitations period.[4]

As discussed in the April 2 Screening Opinion (the "Opinion," D.E. 8), the Court construes Counts III and IX, which allege violations of the Fourth and Fourteenth Amendments, as claims brought pursuant to 42 U.S.C. § 1983. Opinion at 10-11. "Section 1983 has no statute of limitations of its own, but borrows the statute of limitations from state personal injury torts." *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018). In New Jersey, personal injury torts have a two-year statute of limitations. *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). Federal law, however, governs the date when a Section 1983 claim accrues such that the statute of

---

[4] In arguing that Plaintiff's claims are time barred, Porrino maintains that Plaintiff's claims that relate to incidents that occurred in 2016 would not be barred by the relevant statute of limitations. While Porrino is correct that these claims would not be time barred, this Court only permitted Plaintiff's claims to proceed to the extent that they relied on Plaintiff's 2001, 2003 and 2006 arrests. D.E. 9. Accordingly, any incidents that occurred in 2016 are no longer relevant to this litigation.

4

limitations begins to run. *Nguyen*, 906 F.3d at 273. Under federal law, "a claim accrues when the last act needed to complete the tort occurs." *Id.* Thus, a false arrest claim accrues "the moment when legal process justifies the detention or, absent legal process, the moment of release." *Id.* In this instance, Plaintiff alleges that with respect to the 2001, 2003, and 2006 arrests, he was held for "hours or sometimes an entire day." FAC at 4. Consequently, Plaintiff's Section 1983 claims accrued in 2001, 2003, and 2006, respectively. Plaintiff's Section 1983 claims, therefore, are time-barred because Plaintiff did not file suit until 2017, well past the two-year statute of limitations. Accordingly, Counts III and IX are dismissed.

Count VIII, Plaintiff's common law tort claim, is also time-barred. As stated above, personal injury tort claims have a two-year statute of limitations in New Jersey. *Dique*, 603 F.3d at 185; *see also* N.J.S.A. 2A:14-2. A tort claim "accrues at the time when a right first arises to institute and maintain an action against a wrongdoer." *Tevis v. Tevis*, 79 N.J. 422, 431 (1979). Here, Plaintiff's tort claim involves wrongful conduct that occurred incident to his arrest in 2003. Thus, his claim accrued the day of the arrest. *See, e.g., Bullock v. Borough of Roselle*, No. 17-13208, 2018 WL 4179481, at *9 (D.N.J. Aug. 31, 2018) (concluding that assault claim asserted in parallel with Section 1983 excessive force claim accrued the day the excessive force occurred). Because Plaintiff's tort claim accrued in 2003 and is subject to a two-year statute of limitations, Count VIII is also dismissed as time barred.[5]

When granting a motion to dismiss, a court must decide whether to dismiss with or without prejudice, the latter of which provides a plaintiff with opportunity to amend. Dismissal with prejudice is appropriate if an amendment would be inequitable or futile. *See Alston v. Parker*, 363

---

[5] The Court will not address the Moving Defendants' remaining arguments as to dismissal because Plaintiff's claims are all barred by the statute of limitations.

F.3d 229, 235-36 (3d Cir. 2004). Here, Plaintiff's claims are all barred by relevant statutes of limitations. Moreover, the statute of limitations period is not a close call; Plaintiff's claims were filed several year too late. Therefore, the Court concludes that any further attempt would be futile. *See Walsh Sec. Inc. v. Cristo Prop. Mgmt.*, No. 97-3496, 2009 WL 1883988, at *2 (D.N.J. June 30, 2009) ("An amendment is futile where the statute of limitations has run and the relation-back doctrine does not apply."). Accordingly, the FAC is dismissed with prejudice as to the Moving Defendants.

## IV. PLAINTIFF'S MOTION FOR SPECIAL RELIEF

On May 9, 2019, Plaintiff filed a motion for special relief seeking expanded access to the law library and to prevent any further wrongful action or retaliation in response to Plaintiff's requests to use the law library. Plaintiff states that he is bringing his motion pursuant to Fed. R. Civ. P. 65.1(d)[6], which the Court construes as a motion for a temporary restraining order pursuant to Fed. R. Civ. P. 65. To obtain a temporary restraining order pursuant to Rule 65, the moving party must show: (1) a likelihood of success on the merits; (2) he will suffer irreparable harm if the injunction is denied; (3) granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief. *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014). The movant has the burden to establish that all four factors favor injunctive relief. *Id.*

Plaintiff has been incarcerated since December 21, 2016 and is currently in custody at the South Woods State Prison ("SWSP") in Bridgeton, New Jersey. Cert. of Guilio Mesadieu ("Mesadieu Cert.") ¶ 3, D.E. 30-1. Plaintiff maintains that in February he was only allowed to go

---

[6] Plaintiff referred to Fed. R. Civ. P. 65.1(d) but it appears that he meant L. Civ. R. 65.1(d), which provides that "[a]ll applications for provisional remedies . . . or any other emergency relief may be made at any time to the Judge to whom the case has been assigned."

to the library once a week, which is "bare minimum" access. *Id.* ¶¶ 9-17. Prisoners have no "freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, "prisoners must be afforded the availability of either 'adequate law libraries or adequate assistance from persons trained in the law,' in order to exercise their right of court access." *Mitchell v. Wydra*, 377 F. App'x 143, 145 (3d Cir. 2010) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). The right of access to the courts, however, is not unlimited. "Moreover, a prisoner alleging a violation of his right of access must show that prison officials caused him past or imminent 'actual injury' by hindering his efforts to pursue such a claim or defense." *Ward v. Aviles*, No. 11-6252, 2012 WL 2341499, at *2 (D.N.J. June 18, 2012). Plaintiff candidly admits that he has been afforded weekly access to a law library (Mesadieu Cert. ¶ 17) and does not allege that this "minimum access" has or will injure him in the future. Consequently, Plaintiff cannot establish a likelihood of success on the merits for his access to the courts claim. *See Ward*, 2012 WL 2341499, at *3 (concluding that incarcerated plaintiff could not show a likelihood of success for access to the courts claim based on the arguments that his requests for more time in the law library were denied).

As for Plaintiff's claim for retaliation, a prisoner alleging retaliation in violation of the First Amendment must show that (1) his conduct was constitutionally protected; (2) he suffered an adverse action by prison officials; and (3) his protected conduct was a substantial or motivating factor in the adverse action. *Brightwell v. Lehman*, 637 F.3d 187, 195 (3d Cir. 2011). In this instance, Plaintiff alleges that while in custody at SWSP, he was placed in pre-hearing detention housing on a false charge and that a woman who worked in the library yelled at him and threatened to "write him up" if he did not show up for an appointment. Plaintiff maintains that these acts were done in retaliation for his requests for increased access to the law library. Mesadieu Cert. ¶¶

7

14, 18. The alleged yelling and threats do not sufficiently constitute cognizable adverse actions. *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000) (explaining that an adverse act must be "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights." (*quoting Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000))). In addition, Plaintiff does not allege that the prison officials that were responsible for placing him in pre-hearing detention housing were aware of his complaints regarding the law library. Accordingly, Plaintiff does not establish that his protected conduct was a substantial or motivating factor in any adverse action. Therefore, Plaintiff also fails to establish a likelihood of success on the merits for his retaliation claim.

Because Plaintiff cannot establish a likelihood of success on the merits, the Court need not address the remaining factors for injunctive relief and his motion is denied. *See Ward*, 2012 WL 2341499, at *3.

## V. CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss (D.E. 25, 28) are **GRANTED** and Plaintiff's FAC is dismissed with prejudice as to Defendants the City of Elizabeth, Elizabeth Police Department, James Cosgrove, Officer Mikros, Ty Kelly, Officer Gunter and the former Attorney General of New Jersey, Christopher S. Porrino. In addition, Plaintiff's motion for emergent relief (D.E. 30) is **DENIED**. An appropriate Order accompanies this Opinion.

Dated: June 6, 2019

John Michael Vazquez, U.S.D.J.

8