<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GUILIO MESADIEU, *Plaintiff*, v. CITY OF ELIZABETH, et al, *Defendants*. | Civil Action No. 17-3252 <br> <u>**OPINION**</u> |

<u>**John Michael Vazquez, U.S.D.J.**</u>

This matter comes before the Court on motions to dismiss filed by Defendants Theodore Romankow, D.E. 49, and Union County, D.E. 53 (collectively, the "Moving Defendants").[1] *Pro se* Plaintiff Guilio Mesadieu, who is proceeding *in forma pauperis*, did not respond to either motion. The Court reviewed the submissions in support of the motions and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motions are **GRANTED**.

**I.    FACTUAL AND PROCEDURAL HISTORY**

Plaintiff, an African-American man, alleges that police officers from the Elizabeth City Police Department have targeted him on multiple occasions due to his race.[2] For purposes of the

---

[1] Defendant Theodore Romankow's brief in support of his motion to dismiss, D.E. 49-1, will be referred to herein as "Romankow Br." and Defendant Union County's brief in support of its motion to dismiss, D.E. 53, will be referred to herein as "Union Cnty. Br.".

[2] The factual background is taken from Plaintiff's First Amended Complaint (the "FAC"). D.E. 5. When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the Complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

pending motion, the Court need not retrace this case's full factual and procedural history. This Court's September 7, 2017 and April 2, 2018 Opinions screening Plaintiff's Complaint and First Amended Complaint (the "FAC") (D.E. 2, 8) include a detailed recounting of the factual background of this matter. To the extent relevant to the instant motions, the Court incorporates the factual and procedural history from both of its prior Opinions into this Opinion.

Plaintiff filed his initial twelve-count Complaint on May 5, 2017. D.E. 1. On September 7, 2017, the Court granted Plaintiff *in forma pauperis* status pursuant to 28 U.S.C. § 1915 but dismissed Counts I, II, III (as to alleged searches and the 2002 arrest only), IV, V, VI, VII, VIII, X, XI (as to the 2002 arrest only), and XII of the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted. D.E. 2, 3. The Counts that survived the initial screening of the Complaint were for false arrest and unreasonable search and seizure (Count III) and false imprisonment (Count IX). D.E. 2, 3. The Court gave Plaintiff leave to file an amended complaint addressing the noted deficiencies. *Id.*

On October 20, 2017, Plaintiff filed the FAC. D.E. 5. On April 2, 2018, the Court screened the FAC pursuant 28 U.S.C. § 1915(e)(2)(B). As a result of this screening, the Court permitted only Counts III and IX as to Plaintiff's 2001, 2003, and 2006 arrests, and Count VIII (claim for common law tort of assault) as to Plaintiff's 2003 arrest to proceed. D.E. 8, 9. Union County filed an Answer to Plaintiff's FAC and crossclaims on August 21, 2018, D.E. 20, and seven other Defendants filed motions to dismiss after they were served, D.E. 25, 28. On June 6, 2020, this Court granted the motions to dismiss with prejudice because Plaintiff's remaining claims were barred by the statute of limitations. D.E. 31, 32.

On July 23, 2019, Plaintiff filed a letter requesting that the Court enter a final judgment so he could move forward with an appeal in the Third Circuit Court of Appeals. D.E. 36. On August

5, 2019, this Court entered an Order requiring Plaintiff to inform the Court whether he intended to move forward with this matter as to the two remaining Defendants, Union County and Romankow. D.E. 37.  Plaintiff informed the Court, via an August 13, 2019 letter, that he intended to proceed with his claims.  D.E. 39.  Defendant Romankow subsequently filed his motion to dismiss on, D.E. 49, after he was served, D.E. 48, and Union County followed with its motion to dismiss, D.E. 53.

## II.     MOTION TO DISMISS STANDARD

The moving Defendants both seek to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6).[3]  Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]"  For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir.

---

[3] A Rule 12(b) motion must be filed before a responsive pleading.  *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").  A Rule 12(c) motion for judgment on the pleadings, however, may be filed after the pleadings are closed.  Fed. R. Civ. P. 12(c).  In addition, Rule 12(h) provides that the defense of failure to state a claim may be raised through a Rule 12(c) motion for judgment on the pleadings or a Rule 12(b)(6) motion to dismiss.  Fed. R. Civ. P. 12(h).  Courts apply the same standard when analyzing the defense of failure to state a claim for a Rule 12(b)(6) motion and a Rule 12(c) motion. *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991).  As discussed, Union County answered the FAC before filing its Rule 12(b)(6) motion.  As a result, Union County's motion is procedurally improper.  But given that Union County could simply re-file the instant motion as a Rule 12(c) motion and because a Rule 12(c) motion for failure to state a claim is reviewed under the same standard as a Rule 12(b)(6) motion, the Court will construe Union County's motion as having been filed pursuant to Rule 12(c).  *See, e.g.*, *Rivera v. Camden Bd. of Educ.*, 634 F. Supp. 2d 486, 488 (D.N.J. 2009) (construing motion to dismiss filed after answer as a Rule 12(c) motion).

3

2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

Because Plaintiff is proceeding *pro se*, the Court construes Plaintiff's Amended Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

### III. LEGAL ANALYSIS

The Moving Defendants seek to dismiss the FAC as to them because the claims that remain are not asserted against the Moving Defendants. Union Br. at 1; Romankow Br. at 5. As discussed, this Court only permitted portions of Counts III, VIII, and IX to proceed. D.E. 8, 9. These claims do not involve Union County or Romankow. *See* FAC at 1-3; 22-26. Accordingly, because Plaintiff does not allege that either of the moving Defendants were involved in the allegedly wrongful conduct that remains, the Court grants Defendants' motions to dismiss.

When granting a motion to dismiss, a court must decide whether to dismiss with or without prejudice, the latter of which provides a plaintiff with opportunity to amend. Dismissal with prejudice is appropriate if an amendment would be inequitable or futile. *See Alston v. Parker*, 363

F.3d 229, 235-36 (3d Cir. 2004). Plaintiff has been provided with two opportunities to file an amended complaint in this matter and has not asserted yet asserted any cognizable claims against the Moving Defendants. Moreover, Plaintiff did not oppose either of the moving Defendants' motions. Therefore, the Court concludes that Plaintiff cannot assert any cognizable claims as to either Moving Defendant, and any further attempt would be futile. Accordingly, the FAC is dismissed with prejudice as to the Moving Defendants.

### IV.  CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss (D.E. 49, 53) are **GRANTED** and Plaintiff's FAC is dismissed with prejudice as to Defendants Theodore Romankow and Union County. An appropriate Order accompanies this Opinion.

Dated: May 5, 2021

                                                          John Michael Vazquez, U.S.D.J.